■ JENNIE TIERNO, as Administratrix of the Estate of JOHN BRYK, Deceased, Respondent, and SANDRA WIEDMAN et al., Appellants, v. JOHN J. BRENNIE, Respondent, and WILLIAM WIEDMAN, Appellant.— In a consolidated negligence action to recover damages for wrongful death, personal injuries, etc., arising out of a collision between automobiles operated by William Wiedman and John J. Brennie, the appeals are as follows: (1). (a) William Wiedman, as defendant, and (b) Sandra, Brenda, Wayne, Sophie and William Wiedman, as plaintiffs, appeal from an order of the Supreme Court, Queens County, dated April 5, 1968, which denied their motion pursuant to CPLR 4404 to set aside the jury's verdict against William Wiedman, after trial on the issue of liability; and (2) William Wiedman, as defendant, appeals from

an interlocutory judgment of said court, entered June 18, 1968 on the aforesaid verdict, in favor of plaintiff Tierno against him and in favor of defendant Brennie on the latter's cross complaint against him. Appeals from order dated April 5, 1968 dismissed, without costs. No appeal lies from an order denying a motion pursuant to CPLR 4404 to set aside a verdict following a trial limited to the issue of liability (*Fortgang* v. *Chase Manhattan Bank*, 29 A. D 2d 41, 43; see, also, *Leis* v. *Estate of Morris B. Baer, Inc.*, 29 A D 2d 547; *Pontrelli* v. *Ferrari*, 30 A D 2d 827). Interlocutory judgment affirmed, with one bill of costs to respondents jointly. The principal question presented is whether the verdict exonerating Brennie from liability was against the weight of the evidence. It is our opinion that the proof created issues of fact as to the negligence of William Wiedman and the freedom from negligence of Brennie; and that the determination of the jury, as triers of the fact, which resolved those issues in favor of Brennie and against Wiedman, was supported by sufficient evidence. William Wiedman's other contentions have been examined and we find no merit therein. Christ, Acting P. J., Brennan, Rabin, Hopkins and Martuscello, JJ., concur.